**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50422 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00278-DDP-1 |
| v. | |
| KIL JUN LEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted July 5, 2016
Pasadena, California

Before: MURGUIA, and WATFORD, Circuit Judges, and BOLTON,[**] District
Judge.

Kil Jun Lee appeals his convictions and sentences for three counts of

trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a), contending that

the convictions and sentences were multiplicitous with his convictions and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

sentences for three counts of smuggling the same goods under 18 U.S.C. § 545. We have jurisdiction under 28 U.S.C. § 1291, and we affirm as modified.

The two sets of charges stemmed from the same conduct: bringing counterfeit sexual dysfunction pills into the United States. While sections 2320(a) and 545 are not by their terms multiplicitous, here the jury was instructed that an element of guilt under § 545 was the violation of § 2320(a). As a result, the jury instructions treated trafficking in counterfeit goods under § 2320(a) as a lesser included offense of smuggling under § 545. The jury found Lee guilty of both sets of charges, and the district court entered judgment on both sets.

While the government can indict a defendant for both a greater and a lesser included offense, "entering judgment against him is multiplicitous and a double jeopardy violation when it is based on the same conduct." *United States v. Schales*, 546 F.3d 965, 978 (9th Cir. 2008). This constituted plain error. *See id.* at 980. We therefore strike from the judgment the trafficking convictions and sentences on counts 1, 3, and 5, including the $300 in special assessments for those counts, and affirm the judgment as modified. *See United States v. Long*, 301 F.3d 1095, 1108 (9th Cir. 2002).

**AFFIRMED as MODIFIED**